UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LARRESIA HINES o/b/o B.R.S., a minor child[1]                                        PLAINTIFF

v.                                                                                 CIVIL ACTION NO. 3:10CV-737-S

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                             DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the court for consideration of the objections of the plaintiff, Larresia Hines o/b/o B.R.S., a minor child ("Hines"), to the Report and Recommendation of the United States Magistrate Judge in this appeal from the denial of Hines' claim for supplemental security income ("SSI") benefits.

This court has jurisdiction to examine the record that was before the Commissioner on the date of the final decision and to enter judgment affirming, modifying, or reversing that decision. 42 U.S.C. §405(g), sentence four. In exercising "sentence four" jurisdiction, the court is limited to determining whether the Commissioner employed the proper legal standards and whether the controlling findings were supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir. 1981). It must be evidence sufficient to justify a refusal to direct a verdict if the matter were tried to a jury. *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir.

---

[1] B.R.S. is now 18 years old.

1988). In determining whether the Commissioner's findings were supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir. 1992).

> However,
>
> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir. 1986).

With respect to this particular claim, the magistrate judge and the ALJ applied the correct legal standard for determining whether an individual under the age of 18 is disabled.

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"), amended the Social Security Act to define "disabled" with respect to children, to require that:

> (I) an individual under the age of 18 . . . be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
> (ii) Notwithstanding clause (I), no individual under the age of 18 who engages in substantial gainful activity . . . may be considered disabled.

Pub. L. No. 104-193, 110 Stat. 2105 (Aug. 22, 1996), codified at 42 U.S.C. §1382c(a)(3)(C).

The rules implementing the Act establish a three-step sequential evaluation process. 20

C.F.R. §§ 416.924(b)-(d). First, the child must not be engaged in substantial gainful activity. Second, the impairment or combination of impairments must be severe. Third, the impairment must meet, medically equal, or functionally equal the criteria of an impairment in the Listing of Impairments at Appendix 1, Subpart P, Regulations No. 4.

Hines argues that B.R.S. suffers from a condition that functionally equals the Listing. An impairment or combination of impairments will be deemed the functional equivalent of a listed impairment if it sufficiently adversely impacts upon one or more of six broad areas of development and functioning, to-wit: (1) the ability of the child to acquire and use information; (2) to attend and complete tasks; (3) to interact and relate with others; (4) to move about and manipulate objects; (5) the child's ability to care for himself; and (6) the child's health and physical well-being. 20 C.F.R. §416.926a(b)(1). A finding of functional equivalence is required if it is found that the impairment causes an "extreme" limitation in one area or a "marked" limitation in two or more areas. Section 416.926a(a).

> A "marked" limitation is one that:
>
> . . . interferes seriously with your ability to independently initiate, sustain, or complete activities . . . [It] also means a limitation that is more than moderate but less than extreme. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

Section 416.926a(e)(2)(I).

> An "extreme" limitation is one that:
>
> . . . interferes very seriously with your ability to independently initiate, sustain, or complete activities . . . . "Extreme limitation" also means a limitation that is more than marked. "Extreme limitation" is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of functioning that we would expect to find on

>   standardized testing with scores that are at least three standard deviations below the mean.

Section 416.926a(e)(3)(I).

B.R.S. is a child with (1) a history of psychotic disorder, not otherwise specified; (2) a history of depressive disorder, not otherwise specified; and (3) a history of anxiety disorder, not otherwise specified. The ALJ found that B.R.S. had no marked or extreme limitations in any of the six functional domains. The Magistrate Judge reviewed the findings of the ALJ and concluded that the findings were supported by substantial evidence. The magistrate judge recommended that the final decision denying SSI benefits be affirmed.

The conclusion of the ALJ that B.R.S. has neither a marked nor extreme impairment must be respected if found to be supported by substantial evidence in the record. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). This court agrees with the Magistrate Judge that substantial evidence supported the ALJ's decision.

Hines claims that the magistrate judge erred in discounting the findings of Dr. Steven J. Simon, the Commissioner's consultative examiner, and concluding that B.R.S. has less than marked limitations in the domains of acquiring and using information and attending and completing tasks and marked limitation in interacting/relating with others. Hines objects to the minimal weight given to the opinion of Dr. Simon, who examined B.R.S. on one occasion and concluded that she had "marked" or "extreme" limitations in these three domains respectively. The ALJ concluded that minimal weight should be given the findings of Dr. Simon because:

>   (1) B.R.S. did not participate in Dr. Simon's examination and it was terminated;
>
>   (2) Reports from B.R.S.' computer science teacher, who saw her on a daily basis, were not

consistent with the level of non-participation experienced by Dr. Simon during his single interaction with her;

    (3) The records from treating source Seven Counties indicate that B.R.S. responds to treatment with therapy and medication, but benefit is limited due to her non-compliance; and

    (4) Treating source Dr. Mofidi found, after psychiatric evaluation that B.R.S. had moderate limitations.

The magistrate judge found the ALJ's decision on this point to be sound, and there is ample evidence in the record which supports this conclusion, as articulated in detail in the Magistrate Judge's Report.

There was substantial evidence to support the ALJ's conclusion that B.R.S.' claim of disabling limitations were not supported by the record as a whole. Hines' objections to the Magistrate Judge's Report essentially restate arguments already made before the Magistrate Judge. The court has conducted a *de novo* review in light of the record, and concludes that the magistrate judge's Report and Recommendation are sound. The ALJ's Decision clearly evidences that he performed a thorough evaluation of the record in reaching the conclusion of "no disability." An ALJ need not address every piece of evidence in his opinion. *See Kornecky v. Commissioner of Social Security*, 167 Fed.Appx. 496, 507-08 (6th Cir. 2006).

The ALJ's findings are not subject to reversal simply because substantial evidence might support a different conclusion. As long as substantial evidence supports the ALJ's decision we affirm. *Id.*

The court having considered the administrative record in the case and having conducted a *de novo* review of those portions of the Magistrate Judge's Report to which the claimant has objected,

and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Report and Recommendation of the United States Magistrate Judge is **ACCEPTED AND ADOPTED IN ITS ENTIRETY** and the final decision of the Commissioner of Social Security is **AFFIRMED**.  A separate judgement will be entered this date.

**IT IS SO ORDERED.**

November 15, 2011

**Charles R. Simpson III, Judge**
**United States District Court**